UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE No.: 6:19-cv-00461-CEM-TBS

MICHAEL R. MCNEIL,

  Plaintiff,

vs.

SHOPPES AT SOUTHWINDS II, LLC,
and FISCHER WAY CORP.,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT
AND INCORPOATED MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, MICHAEL R. MCNEIL, (hereinafter "Plaintiff") by and through his undersigned counsel, hereby files Plaintiff's Motion For Entry of Judgment And Incorporated Memorandum of Law in Support, pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Honorable Court to enter Judgment after Default against Defendant SHOPPES AT SOUTHWINDS II, LLC, and in support thereof states as follows:

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This is an action for injunctive relief and attorney's fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). Plaintiff qualifies as a disabled person within the meaning of the ADA and uses a wheelchair for mobility. Plaintiff has traumatic brain injury (TBI). He has been required to traverse in a wheelchair, and is substantially limited to performing one or more major life activities including, but not limited to, walking, standing, grabbing, grasping, and/or pinching. The Defendant, SHOPPES AT SOUTHWINDS II, LLC,

1

(hereinafter, the "Defendant"), is the landowner of the premises related to the subject facility, Fischer Way Corp., d/b/a Subway.

Defendant, SHOPPES AT SOUTHWINDS II, LLC, was served with the Summons and Complaint on April 8, 2019 [DE 14] but failed to file any responsive pleading. A Clerk's Default was entered against Defendant on May 15, 2019 [DE 16].

## MEMORANDUM OF LAW

### I.   PLAINTIFF IS ENTITLED TO FINAL DEFAULT JUDGMENT

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §12181, et seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against who affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party. In this instance, Defendant was properly served with the Summons and Complaint filed herein and failed to respond in any manner. Therefore, a final judgment should be entered by the Court against said Defendant based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), and established January 26, 1992, as the date when all public accommodations had to comply therewith. 42 U.S.C. §12181; 28 CFR §36.508(a)(or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). Under this scenario, the Defendant's deadline for compliance with the ADA has long since passed. The property, which is owned by the Defendant SHOPPES AT SOUTHWINDS II, LLC, which is the subject of this action, includes Fischer Way Corp., in Port Orange, Florida. Defendant's subject property must be accessible by individuals with

2

disabilities U.S.C. §12181(7) and 28 CFR §36.104, the subject property which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA 28 CFR Part 36. Defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against Plaintiff. The discrimination is based on the Defendant denying Plaintiff full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

Pursuant to 42 U.S.C. 12188(a)(2), the Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facility to make it readily achievable to and useable by individuals with disabilities to the extent required by the ADA. In Houston v. Petrol Enterprises, Inc., 0:11-cv-61464-MGC, at DE 78 (S.D.Fla. 3/22/13) default judgment was issued requiring the defendant to bring the violations described in the complaint into compliance with the ADA. See also Houston v. Petrol Enterprises, Inc., 0:11-cv-61737-JIC, DE 15 (S.D. Fla. 01/30/2012)(same and awarding attorneys fees, costs and litigation expenses by separate order). In Access 4 All, Inc. v. Ulster Heights Properties, Inc., 1:07-cv-2923 (S.D.N.Y. 2008), the Southern District of New York addressed the relief to which a plaintiff is entitled in the wake of a default. Most recently, Kennedy v. Pacifica Tampa LTD Partnership, 5:17-cv-442 (M.D.Fla. 3/02/2018), the Middle District of Florida Honorable Judge Moody granted attorney fees, costs, expert fees, and litigation expenses. These include the entry of judgment mandating that the Defendants bring its facility into full compliant with the ADA. Further, the Court stated that Plaintiff is entitled to their attorney fees, costs, litigation expenses and expert fees incurred.

## II. PLAINTIFF IS ENTITLED TO HIS ATTORNEY FEES, COSTS, LITIGATION EXPENSES AND EXPERT FEES

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this action and has agreed to pay reasonable attorney's fees, including costs and litigation expenses as well as expert's fees and costs incurred in this action.  Plaintiff is entitled to recover those attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205.  An ADA plaintiff's attorney is entitled to recover the same costs, litigation expenses and fees that he or she would recover from a fee-paying client. Seldon v. 7-Eleven, Inc., 2016 U.S. Dist. LEXIS 86898*34 (N.D. Cal. 2016).

To recover attorney's fees under 42 U.S.C. §12205 a plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). In order to be a "prevailing party" under Buckhannon, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned.  Robertson v. Giuliani, 346 F.3d 75 (2d Cir. 2004); American Disability Association, Inc. v. Chimielarz, 289 F.3d 1315 (11th Cir.2002); Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Fedn., 277 F.3d 1128 (9th Cir. 2002).  In the instant action, Plaintiff is the prevailing party pursuant to the Default.

Considerable time and effort was required to obtain the resolution of this case.  Plaintiff filed this action requesting that Defendant timely remove barriers to access at its premises so that Plaintiff and other wheelchair bound disabled persons could avail themselves of the same goods and services enjoyed by the general public.

## III. COSTS AND LITIGATION EXPENSES

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  The costs are defined by 28 U.S.C. § 1920, which provides for recovery of, inter alia, (1) fees of the Clerk and process server; (2) court reporter fees, "for all or any part of the stenographic

transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under §1920. *See* Dowdell v. City of Apopka, 698 F.2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." Id. At 1192. Dowdell reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

In Davis v. Mason County, 927 F.2d 1473, (9th Cir. 1991), the Ninth Circuit discussed the recover of travel expenses under 42 U.S.C. §1988:

> "Mason County fails to see that like the expert witness fees, the travel expenses were not granted as costs under section 1920, but rather as out-of-court expenses compensable under section 1988. Courts have generally held that expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. Dowdell, *supra* at 1190, Palmigano v. Garraby, 707 F. 2d 636, 637 (1st cir 1983); Northcross v. Board of Education, 611 F.2d 624, 639 (6th Cir. 1979); cert. denied, 447 U.S. 911 (1980)."

As the Eleventh Circuit said in Dowdell:

> "Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenses which maybe essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay them, they must be borne by counsel, reducing the fees award accordingly. Thus, following the reasoning adopted in upholding the award of expert witness fees, we also affirm the district courts award of travel expenses pursuant to section 1998."

The ADA expressly states that the prevailing party may receive "reasonable attorneys fees, including litigation expenses and costs." 42 USC §12205. *See* Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002)("because the term "litigation expenses' normally encompasses expert witness

5

fees, we hold that the statutory provision provides direct authority for the award of expert witness fees."); Robins. V. Scholastic Book Fairs, 928 F. Supp 1027, 1036 (D. Or. 1996)(finding that litigation expenses include the costs of expert witnesses).

**CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that it's Motion for Entry After Default be granted, as Defendant SHOPPES AT SOUTHWINDS II, LLC, has failed to file an answer and refuses to appear and defend itself in the current suit.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court (1) enter Judgment After Default against Defendant SHOPPES AT SOUTHWINDS II, LLC, enjoying them from discriminating against individuals with disabilities; (2) order the Defendant SHOPPES AT SOUTHWINDS II, LLC, remove the architectural barriers under the Americans with Disabilities Act, closing the subject facility until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA and (3) retain jurisdiction regarding the issue of Plaintiff's attorney's fees, costs, expert fees, and litigation expenses incurred in this action.

Dated this 17th day of June 2019

By:/S/Joe M. Quick, Esq.
Joe M. Quick, Esq.
Bar Number 0883794
Attorney for Plaintiff
Law Offices of Joe M. Quick, Esq.
1224 S. Peninsula Drive #604
Daytona Beach, Florida 32118
Telephone: 386.212.3591
Email: JMQuickEsq@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record, corporation, or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

SHOPPES AT SOUTHWINDS II, LLC
Lloyde G. Barnard, Jr. – Registered Agent
809 HighPointe Drive
Port Orange, Florida 32127
Via US Mail

By:/S/Joe M. Quick, Esq._____
Joe M. Quick, Esq.
Bar Number 0883794
Attorney for Plaintiff
Law Offices of Joe M. Quick, Esq.
1224 S. Peninsula Drive #604
Daytona Beach, Florida 32118
Telephone: 386.212.3591
Email: JMQuickEsq@gmail.com
