UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL R. MCNEIL,

    Plaintiff,

v.                                        Case No:  6:19-cv-461-Orl-41TBS

SHOPPES AT SOUTHWINDS II LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Judgment After Default (Doc. 17). The motion consists of six substantive pages, with no exhibits or supporting affidavits tendered. Upon due consideration, I respectfully recommend that the motion be **DENIED.**

### Background

Plaintiff brings this Americans with Disabilities Act case for injunctive relief and attorney's fees and costs pursuant to 42 U.S.C. § 12181, *et seq.* (the "ADA") (Doc. 1). He sued two entities – Defendant Shoppes at Southwinds II LLC, ("Shoppes") and Fischer Way Corp., a Florida Corporation, d/b/a SUBWAY ("Subway"). Subway was served and shortly thereafter, Plaintiff voluntarily dismissed it with prejudice (Docs. 11, 13). Shoppes was served (Doc.14) and has failed to respond. A clerk's default was entered against it on May 15, 2019 (Doc. 16). This motion followed and was referred to me.

### Discussion

#### Standard of Review

A district court may enter a default judgment against a properly served defendant

who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See De Lotta v. Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v.

Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005). In other words, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

The Allegations of the Complaint

Plaintiff is a mobility impaired individual who requires the use of a wheelchair to ambulate (Doc. 1, ¶ 3). He alleges that both Defendants lease or operate the property that is the subject of this lawsuit and both are the owners of the improvements at issue:

> 6. Upon information and belief, FISCHER WAY CORP., a Florida Corporation, is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as SUBWAY, located at 3751 S. Clyde Morris Boulevard, in Port Orange, Florida.
>
> 7. Upon information and belief, SHOPPES AT SOUTHWINDS II LLC, a Florida Limited Liability Company, is the lessor, operator and/or owner of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facilities are located which are the subjects of this action.

(Doc. 1, ¶¶ 6,7). Plaintiff alleges that "Defendants" are places of public accommodation under the ADA," and he "personally visited Defendants' Subject Facilities, but was denied full and equal access to, and full and equal enjoyment of, the facilities services, goods,

- 3 -

privileges and accommodations offered within Defendants' Subject Facilities . . ." (Id., ¶¶ 4, 12-13). The following violations of the ADA are alleged:

> a) Failure to provide ADA compliant parking stall striping and markings, at several parking stalls throughout the subject property, in violation of 2014 FAC and 2010 ADAS Section 502.3.3.
>
> b) Failure to provide ADA compliant access aisle, on the passenger side, in violation of 2014 FAC and 2010 ADAS Section 502.2.
>
> c) Failure to provide ADA compliant parking stall width clearances, at several parking stalls throughout the subject property, in violation of 2014 FAC Section 502.1.
>
> d) Failure to provide ADA compliant parking stall signage, at several parking stall throughout the subject property, in violation of 2014 FAC and 2010 ADAS Section 502.6.1.
>
> e) Failure to provide ADA compliant seating area clear floor space, in violation of 2014 FAC and 2010 ADAS Section 305.3.
>
> f) Failure to provide ADA compliant clear floor space at cooler door side opening, in violation of 2014 FAC and 2010 ADAS Section 305.3.
>
> g) Failure to provide ADA compliant reach ranges at the self-serve dispenser, in violation of 2014 FAC and 2010 ADAS Section 308.1.
>
> h) Failure to provide ADA compliant lavatory clear floor space, in violation of 2014 FAC and 2010 ADAS Section 606.2.
>
> i) Failure to provide ADA compliant toilet paper dispenser location, in violation of 2014 FAC and 2010 ADAS Section 604.7.
>
> j) Failure to provide ADA complaint water closet clear floor space, in violation of 2014 FAC and 2010 ADAS Section 604.3.1.

(Doc. 1, ¶ 18). Plaintiff alleges, "upon information and belief," there are other current violations of the ADA at Defendants' Properties, and only once a full inspection is done

can all said violations be identified and, to date, "the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA." (Id., ¶¶ 19, 20, emphasis added). Plaintiff seeks a declaration that Defendants are in violation of Title III of the ADA, injunctive relief, and an award of attorney's fees, costs and litigation expenses.

ADA Standards of Law

Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes a private entity's "failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA creates a private right of action and empowers the federal courts to grant injunctive relief, including orders "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [Title III]." 42 U.S.C. § 12188(a)(I)-(2).

To state a claim under the ADA, a plaintiff "generally has the burden of proving: (1) that he is an individual with a disability, (2) that defendant is a place of public accommodation, (3) that defendant denied his full and equal enjoyment of the goods, services, facilities or privileges offered by defendant, (4) on the basis of his disability." Cohan v. Rist Properties, LLC, No. 2:14-CV-439-FTM, 2015 WL 224640, at *2 (M.D. Fla. Jan. 15, 2015), citing Schiavo ex rel. Schindler v. Schiavo, 358 F.Supp.2d 1161, 1165 (M.D.Fla.2005) aff'd, 403 F.3d 1289 (11th Cir.2005).

Concerning the relief Plaintiff seeks:

> "To issue a permanent injunction under the ADA[,] ... the Court must apply the same factors as it would in any other cases in which a plaintiff sought a permanent injunction." Wilson v. Broward County, Fla., No. 04-61068-CIV, 2008 WL 708180, at *1 (S.D.Fla. Mar. 14, 2008). To satisfy the test for an injunction, a plaintiff must demonstrate the following four factors: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1224 (M.D. Fla. 2012).

When a plaintiff alleges discrimination due to an architectural barrier prohibited by the ADA, the plaintiff is required to show that either (1) the barrier's removal is "readily achievable," or (2) if removal is not readily achievable, that the goods, services, or facilities may be made available through alternative methods as long as such methods are "readily achievable." Larkin v. Cantu LLC, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017), report and recommendation adopted, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2672617 (M.D. Fla. June 21, 2017), citing Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1273 (11th Cir. 2006). "'[R]eadily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." Id., citing 42 U.S.C. § 12181(9). The following factors are considered when evaluating whether barrier removal is "readily achievable":

> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and function of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

### Analysis

Plaintiff's motion fails to address any of the elements it is his burden to show in order to establish entitlement to a default judgment for the relief he seeks. The well-pleaded allegations of his complaint, which are deemed admitted, serve to establish that Plaintiff is an individual with a disability and that he observed certain violations on what may or may not be Defendants' property. If ownership by Shoppes is established Plaintiff will still not have provided a sufficient legal basis to show his entitlement to relief.

First, Plaintiff has not clarified each Defendants role with respect to the Subject Facilities. His complaint asserts joint ownership of the improvements at issue but the status of each Defendant with respect to the Subject Facilities is tenuous and alleged only upon information and belief. "And/or" allegations made on unspecified "information and belief" are not well pled for purposes of default judgment and are therefore not taken as established by the default. Plaintiff has tendered no affidavit or other proof sufficient to establish the connection between these Defendants and the Subject Facilities. Thus, there is no evidence that either Defendant is responsible for any of the alleged violations and no evidentiary basis to support a judgment.

If the Court were to find that Shoppes is the owner of the building housing the

Subway restaurant, the complaint includes alleged violations of the ADA specific to the interior of the restaurant allegedly leased or operated by Subway, and Subway is the alleged owner of the improvements where the restaurant is located (Doc. 1, ¶ 6). Plaintiff has dismissed its claim against Subway with prejudice. Since Plaintiff has alleged that Defendants are jointly liable, and both are alleged to own the improvements, it is not clear whether Plaintiff has dropped its claims for alleged violations involving the restaurant and, if not, there is no explanation as to why the dismissal with prejudice as to Subway (assumedly the tenant) should not operate to release Shoppes as to the Subway violations.

Even if there were a basis to find Shoppes liable for any of the alleged violations, Plaintiff has completely failed to provide any information sufficient to fashion relief. In conclusory and vague fashion, he asks the Court to: "(1) enter Judgment After Default against Defendant SHOPPES AT SOUTHWINDS II, LLC, [sic] enjoying them from discriminating against individuals with disabilities; (2) order the Defendant SHOPPES AT SOUTHWINDS II, LLC, remove the architectural barriers under the Americans with Disabilities Act, closing the subject facility until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA and (3) retain jurisdiction regarding the issue of Plaintiff's attorney's fees, costs, expert fees, and litigation expenses incurred in this action." (Doc. 17 at 6). Plaintiff has not tendered a proposed form of judgment and does not present any evidence that he is entitled to the requested relief.

First, he has not provided the Court with the specificity of information required for entry of an injunction. FED. R. CIV. P. 65(d)(1) requires that an injunction "state its terms specifically" and "describe in reasonable detail–and not by referring to the complaint or

other document–the act or acts restrained or required." The Court "simply cannot enjoin a party 'from discriminating against all individuals with disabilities' and order compliance with 'all sections' of the ADA." Kennedy v. U & V Food Corp., 2:17-cv-696FTM-38MRM, 2019 WL 343201, at *6 (M.D. Fla. Jan. 10, 2019), report and recommendation adopted, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) (internal quotation and citation omitted).

Second, "[t]o be entitled to injunctive relief, Plaintiffs must, at a minimum, specifically identify each architectural barrier that they contend violates the ADA (or its relevant implementing regulations) and offer some evidence as to why the removal of same is readily achievable and beneficial to Plaintiffs." Id., citing Access for the Disabled, Inc. v. Osceola Enters. of Kissimmee, Inc., No. 6:09-cv-1805-Orl-31GJK, 2010 WL 2889823, at *1 (M.D. Fla. Jul. 22, 2010). Plaintiff's complaint fails to plead sufficient facts to show that removal of the barriers he encountered is "readily achievable." He merely pleads a list of alleged violations followed by the conclusory assertion: "To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA." (Doc. 1, ¶ 20). "Judges in this District have held 'that alleging the legal conclusion that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable.'" Kennedy., 2019 WL 343201, at *5, citing Larkin v. Cantu LLC, No. 6:15-cv-1544-Orl-40KRS, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017), report and recommendation adopted, 2017 WL 2672617, at *1 (M.D. Fla. June 21, 2017) (citing Stringham v. Apopka Shopping Ctr., LLP, No. 6:13-cv-1410-Orl-28GJK, 2013 WL 6891577, at *1 (M.D. Fla. Dec. 31, 2013) (dismissing Title III ADA complaint in part because plaintiff did not provide factual support for his allegation that removal of barriers would be "readily achievable"). Plaintiff fails to plead any facts–or make any showing in

support of his motion–sufficient for the Court to conclude that the violations he alleges in his complaint can be rectified by alterations that are easily accomplishable and able to be carried out without much difficulty or expense. Indeed, Plaintiff does not make *any* showing as to the statutory factors. See 42 U.S.C. § 12181(9). "Because barrier removal requirements do not apply where removal is not 'readily achievable,' Plaintiff has failed to state a claim for which relief may be granted." Hoewischer v. Joe's Properties, LLC, No. 3:11-CV-769-J-12MCR, 2012 WL 139319, at *3-4 (M.D. Fla. Jan. 18, 2012) (denying motion for default judgment). The lack of specificity regarding which alleged violations are at issue and exactly what remediation is desired and readily achievable compels denial of the motion.

As to the request for fees, expenses and costs, Plaintiff presents a formulaic recitation of entitlement while failing to quantify his request or offer *any* proof of same. Indeed, after reviewing the docket I find his claim that "[c]onsiderable time and effort was required to obtain the resolution of this case" disingenuous at best. In any event, because Plaintiff has not established a right to entry of a default judgment, no further analysis of the fee request is necessary.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's motion for entry of default judgment be **DENIED without prejudice.**

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 24, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties